IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORETTA KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-162-ECM-JTA |
| | ) |
| WELLS FARGO & COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court are Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. No. 6) and *pro se* Plaintiff Loretta Knight's Motion to Amend the Complaint (Doc. No. 9).

Defendant Wells Fargo Bank, N.A. does not oppose Plaintiff's Motion to Amend. (Doc. No. 10.) Defendant Wells Fargo & Company has not appeared in the case. Upon consideration of Plaintiff's Motion to Amend the Complaint (Doc. No. 8) and Defendant Wells Fargo Bank, N.A.'s notice that it does not oppose the motion (Doc. No. 10), the court concludes that leave to amend is due to be granted and that "justice so requires." Fed. R. Civ. P. 15(a)(2); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (noting that "a pro se litigant generally must be given at least one opportunity to amend his complaint"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

Accordingly, it is ORDERED that Plaintiff's Motion to Amend (Doc. No. 10) is GRANTED. It is further ORDERED that **on or before June 5, 2023,** Defendants shall file an Answer or otherwise respond to the Amended Complaint. Plaintiff's Motion to Amend shall serve as the Amended Complaint. (Doc. No. 8.)

Further, because the Amended Complaint supersedes the original Complaint, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant Wells Fargo, N.A.'s Motion to Dismiss the original Complaint (Doc. No. 6) be DENIED without prejudice as MOOT, and that this action be referred back to the undersigned for further proceedings.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 29, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 15th day of May, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE