IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LORETTA KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-162-ECM-JTA |
| | ) | |
| WELLS FARGO & COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant Wells Fargo & Company's Motion to Dismiss. (Doc. No. 25.) Defendant Wells Fargo & Company argues (1) Plaintiff's Complaint against it should be dismissed on grounds that Plaintiff failed to properly perfect service and (2) Plaintiff's Complaint fails to state a claim against it. For the reasons stated below, the undersigned recommends that the motion be granted.

**I.    STANDARD OF REVIEW**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "A court without personal jurisdiction is powerless to take further action," and a defendant over whom the court lacks personal jurisdiction has an "unqualified right" to dismissal of the claims against it. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir.1999) (citation and internal quotation marks

omitted). In assessing the validity of service of process, "'the standards of proof governing motions to dismiss for lack of personal jurisdiction'" are applicable. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quoting *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F.Supp.2d 1354, 1360 (N.D. Ga. 2008)). "On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to allege sufficient facts to establish that the court has personal jurisdiction over the defendant and to rebut a defendant's assertion that personal jurisdiction over him is improper." *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1267 (M.D. Fla. 2014) (citing *Smith v. Trans–Siberian Orchestra*, 689 F.Supp.2d 1310, 1312 (M.D. Fla. 2010) (citing in turn *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000))).

## II. DISCUSSION

On July 20, 2023, the court ordered that, "[o]n or before August 3, 2023, the plaintiff shall show cause in writing as to why" Defendant Wells Fargo & Company's Motion to Dismiss (Doc. No. 25) "should not be granted." (Doc. No. 29 at 1.) Further, the court cautioned:

> The plaintiff is specifically ADVISED to address the issues raised by the defendant in the motion to dismiss and state why this case should not be dismissed. The plaintiff is CAUTIONED that should she fail to show cause why the defendant's motion should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that her complaint be dismissed.

(*Id.*)

Plaintiff did not show cause as instructed. By Order entered July 25, 2023, Plaintiff was "ADVISED [that] the failure to file a response to any motion – either dispositive or

non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion." (Doc. No. 35.) Nevertheless, the undersigned reviewed Wells Fargo & Company's motion on the merits and finds that, for the reasons stated in the motion, Plaintiff failed to properly serve Wells Fargo & Company. She sent her Complaint against Wells Fargo & Company by certified mail to a branch manager at a Wells Fargo, N.A. branch bank, who was not a Wells Fargo & Company officer, managing or general agent, partner, or any other agent authorized by appointment or by law to receive service of process in accordance with Rule 4(h) of the Federal Rules of Civil Procedure or Rules 4(c)(6) and 4(i)(2)(b)(i-ii) of the Alabama Rules of Civil Procedure. (Docs. No. 2, 5.)

Therefore, Defendant Wells Fargo & Company's Motion to Dismiss (Doc. No. 25) is due to be granted on grounds that the court lacks jurisdiction over Defendant Wells Fargo & Company.[1] *Smith*, 689 F. Supp. 2d at 1312 ("A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction." (citing *Posner*, 178 F.3d at 1214 n. 6)).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant Wells Fargo & Company's Motion to Dismiss (Doc. No. 25) be GRANTED, that Plaintiff's claims against Defendant Wells Fargo & Company be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction, and that

---

[1] The Court pretermits consideration of Defendant Wells Fargo & Company's argument that the Complaint fails to state a claim against it upon which relief can be granted.

Defendant Wells Fargo & Company be DISMISSED from this action.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **September 12, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 28th day of August 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE