IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORETTA KNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 1:23-cv-162-ECM ) [WO] |
| WELLS FARGO & COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On August 28, 2023, the Magistrate Judge entered a Recommendation that Defendant Wells Fargo & Company's ("WFC") motion to dismiss (doc. 25) be granted, that the Plaintiff's claims against WFC be dismissed without prejudice, and that WFC be dismissed as a party. (Doc. 40). On September 20, 2023, the Plaintiff filed objections to the Magistrate Judge's Recommendation, which included a request for oral argument. (Doc. 44). The Plaintiff filed her objections one day after the deadline set by the Magistrate Judge. (*See* doc. 43). WFC then filed a motion to strike the Plaintiff's objections as untimely, or in the alternative, a response to the Plaintiff's objections. (Doc. 47).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, WFC's motion to dismiss is due to be granted, and the Plaintiff's motion for oral argument and WFC's motion to strike are due to be denied as moot.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

The Court will assume without deciding that the Plaintiff's objections are timely.  In her objections, the Plaintiff does not identify any error committed by the Magistrate Judge.  She does not argue, let alone establish, that the Magistrate Judge erred in concluding that the Plaintiff failed to properly serve WFC in accordance with the applicable Rules of Civil Procedure.  Her remaining objections are not relevant to the findings and conclusions in the Magistrate Judge's Recommendation and, in any event, fail to show that the Magistrate Judge committed any error in the Recommendation.  Consequently, the Plaintiff's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1.      The Plaintiff's objections (doc. 44) are OVERRULED;

2.      The Recommendation of the Magistrate Judge (doc. 40) is ADOPTED;

3.      Wells Fargo & Company's motion to dismiss (doc. 25) is GRANTED;

4.      The Plaintiff's claims against Wells Fargo & Company are DISMISSED WITHOUT PREJUDICE, and Wells Fargo & Company is DISMISSED as a party to this action;

5.      The Plaintiff's motion for oral argument (doc. 44) and Wells Fargo & Company's motion to strike (doc. 47) are DENIED as moot;

6.      This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 29th day of February, 2024.

                              /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE